Informal Opinion No. 2011-4 Charles J. Noth Village Attorney Village of Saranac Lake
3 Main Street, Suite 1 Saranac Lake, New York 12983
Dear Mr. Noth:
You have requested an opinion relating to the geographical area of employment of the Village's police officers. You have explained that the Village lies partially in Franklin County and partially in Essex County and ask whether the geographical area of employment extends to all of Franklin and Essex Counties. We conclude that it does not.
Your question arises because of the definition of "geographical area of employment" found in the Criminal Procedure Law. Pursuant to section 1.20(34-a), the geographical area of employment of certain police officers is as follows:
 (a) Except as provided in paragraph (d) of this subdivision, New York state constitutes the "geographical area of employment" of any police officer employed as such by an agency of the state or by an authority which functions throughout the state, or a police officer designated by the superintendent of state police pursuant to section two hundred twenty-three of the executive law;
 (b) A county, city, town or village, as the case may be, constitutes the "geographical area of employment" of any police officer employed as such by an agency of such political subdivision or by an authority which functions only in such political subdivision; and
 (c) Where an authority functions in more than one county, *Page 2 
the "geographical area of employment" of a police officer employed thereby extends through all of such counties.
 (d) The geographical area of employment of a police officer appointed by the state university is the campuses and other property of the state university, including any portion of a public highway which crosses or abuts such property.
Criminal Procedure Law § 1.20(34-a). The argument put forth is that, because the Village's police department "functions in more than one county," id. § 1.20(34-a)(c), the geographical area of employment of its police officers extends through all of Franklin and Essex Counties.
We believe that this argument misconstrues the meaning of "authority" when used in Criminal Procedure Law § 1.20(34-a). In this context, "authority" refers to a public authority that is authorized to employ police officers, distinguishing officers employed by such an authority from officers employed by "an agency of [a] political subdivision," Criminal Procedure Law § 1.20(34-a)(b), such as the Village's police officers. For example, the Niagara Frontier Transportation Authority, a public authority, is authorized to designate its own police officers. Public Authorities Law § 1299-e(13). That Authority operates in both Erie and Niagara Counties. Id. §§ 1299-b, 1299-d; seealso Public Authorities Law §§ 1262 (defining area of Metropolitan Commuter Transportation District as New York City and seven other counties), 1266-h (Metropolitan Commuter Transportation Authority authorized to establish authority police force; geographical area of employment of authority police officers is Metropolitan Commuter Transportation District). Indeed, if "authority" as used in subdivision 34-a were construed to mean "police agency," its inclusion would be redundant and therefore unnecessary.
Further support for this interpretation of "authority" as distinct from a police agency of a political subdivision is found in Criminal Procedure Law § 1.20(34)(d) and (e) (defining "police officer"). These subdivisions distinguish between a sworn officer of an authorized police department "of a city, town, village or police district" (subdivision d) and a sworn officer of an authorized police department of an authority (subdivision e). Because the Village's police officers are clearly the former type of police officer, they cannot be the latter type.
We conclude that the geographical area of employment of the Village's police officers is the Village. The geographical area of employment of a police officer is significant because it circumscribes the area in which a petty offense (a violation or a traffic infraction, Criminal Procedure Law § 1.20(39)) must be committed in order *Page 3 
for the police officer to make a warrantless arrest, Criminal Procedure Law § 140.10(2); as well as the area in which a police officer may stop and question individuals based on reasonable suspicion of criminal activity, id. § 140.50; and execute arrest and search warrants,id. § 120.60 (arrest warrant);id. § 690.25(2) (search warrant).
You have advised that the Village's police officers are particularly concerned that they may travel outside the Village, but still within Franklin or Essex County, and then witness criminal activity. Police officers are authorized to make warrantless arrests for crimes (felonies and misdemeanors, Penal Law § 10.00(6)) committed in their presence anywhere in the state. Criminal Procedure Law § 140.10(1), (3). The Village's police officers are geographically restricted in this regard only as to petty offenses, for which they may make warrantless arrests only if those offenses were committed, or are believed to have been committed, in the Village or within 100 yards of its borders. Id. § 140.10(1)(a), (2)(a). The arrest for such a petty offense generally must be made in the county in which the offense was committed, or is believed to have been committed, or in an adjoining county. Id. § 140.10(2)(b).
The Attorney General issues formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
KATHRYN SHEINGOLD Assistant Solicitor General in Charge of Opinions *Page 1